27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert William JONES, Jr., Plaintiff Appellant,
v.
COUNTY OF NOTTOWAY, Mayo K. Gravitt, Defendants Appellees.
 No. 94-6159.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-851)
 Herbert William Jones, Jr., appellant pro se.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The final order in this case was filed on October 27, 1993; Appellant filed a notice of appeal on February 4, 1994-outside the thirty-day appeal period established by Fed. R.App. P. 4(a)(1). However, Appellant claimed he did not receive the final order at issue on January 26, 1994. Thus, it appears that he was entitled to reopening of the time for filing notice under Fed. R.App. P. 4(a)(6). Assuming that such reopening would have been granted below, we proceed to the merits of the appeal and affirm the district court order dismissing Appellant's complaint.
 
 
 2
 Appellant raised one issue in this 42 U.S.C. Sec. 1983 (1988) action: whether he was wrongly denied counsel in post-conviction relief hearings. There is no federal right to counsel in state post-conviction relief proceedings. Murray v. Giarratano, 492 U.S. 1, 7 (1989). Thus, Appellant's Sec. 1983 claim is without any legal basis. The district court properly dismissed his complaint.[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 AFFIRMED
 
 
 [1]
 It appears that the district court interpreted a later filing by Appellant as a waiver of his claim. It appears that the "waiver" was of any potential habeas relief and was not a voluntary dismissal of Appellant's claim. We do not rely on the "waiver" in disposing of this appeal
 
 
 [2]
 We deny Jones's motion for appointment of counsel